

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 25, 1972

Honorable David P. Bell
Executive Director
Industrial Accident Board
P. O. Box 12757, Capitol Station
Austin, Texas 78711

Opinion No. M-1048

Re: Authority of Industrial
Accident Board to make
refunds under H.B. 686,
62nd Leg., R.S., 1971 (Ch.
515, p. 1755), in the situ-
ations presented.

Dear Mr. Bell:

You have requested the opinion of this office regarding the above question. In connection with this request, you have furnished us the following information:

"Under H.B. 686, effective July 1, 1971, the Industrial Accident Board is authorized to collect a $7.50 filing fee on each legal entity filing notice of coverage with this agency. Since the inception date of this Bill, numerous situations have arisen wherein this agency has deemed it appropriate to make refund of monies received and accepted by this agency. For example:

"1. Notice of coverage is filed with the Industrial Accident Board accompanied by check for filing fee which through clerical error is for an amount in excess of that required. Occasionally the check is accepted and deposited before the error is discovered.

"2. Occasionally duplicate payments will be made on the same filing, and accepted and deposited before the error is discovered.

-5119-

"3. Notice of coverage filed with the Industrial Accident Board and through clerical error in issuing the policy, the insurance company must cancel and issue a new policy and therefore, make a new filing with this agency.

"4. Notice of coverage on a three year policy is filed with the Industrial Accident Board with check for $22.50 covering policy period. During first year policy is cancelled flat.

"The above examples are not exhaustive, but give a good indication of the problem at hand. Under Examples 1 and 2, clearly there is an overpayment which should be refunded. Example 3 results in a double payment because a filing fee is required on the second filing even though covering the same policy period for which payment has already been made. Under Example 4 a collection was made for the second and third year, and the policy will not be in effect during that period of time. In the event coverage is again taken out by that employer, then an additional fee will be required making a double payment by that employer if no refund of the prior payments can be made by this agency."

We find no specific authority in either House Bill 686 or in the workmen's compensation law (Art. 8306, et seq., V.C.S.) to make refund of any of the monies paid under the circumstances presented by you. In this connection we note that the monies have been paid into the State Treasury and not into the suspense account maintained in the State Treasurer's office under authority of Article 4388, Vernon's Civil Statutes.

In the absence of specific statutory authorization, the general law of this state expressed in its court decisions recognizes three separate grounds which will support a claim for

refund of taxes or fees paid to the state; these are 1) fraud, 2) mistake of fact, and 3) duress. Attorney General Opinions Nos. O-6282 (1945), O-6974 (1945), and O-7113 (1946). With reference to duress we cite particularly the recent case of State v. Connecticut General Life Insurance Company, 382 S.W.2d 745 (Tex.Sup. 1964). A copy of Attorney General's Opinion No. 6282, supra, accompanies our present opinion to you.

Even though the facts might support a claim for refund under any of these grounds, yet no refund may be made unless funds have been appropriated for that purpose by the Legislature pursuant to Article VIII, Section 6, of our Texas Constitution which reads, in its relevant part,

> "No money shall be drawn from the Treasury but in pursuance of specific appropriation made by law; . . ."

Whether each claim for refund which you mention, and all other claims made to you, may be approved by you as being supported by sufficient facts under any of the recognized grounds for refund is a question first for your determination. Atty. Genl. Opin. No. M-517 (1969). However, in the absence of an appropriation or statute authorizing such refund payments out of designated funds by the Legislature, you are not authorized to make any refunds of these fees remitted to you and by you paid into the State Treasury.

## S U M M A R Y

Erroneous or improper filing fees paid to the Industrial Accident Board under H.B. 686, 62nd Legislature, Regular Session, 1971, and placed in the State Treasury, may not be refunded in the absence of a specific appropriation by the Legislature of funds for that purpose.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-5121-

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sam Jones
Marietta Payne
Rex White
David Longoria

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant